```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SAMUEL LONGINO AND
WILLIS BAILEY,

    Plaintiffs,

v.                                    Case No. 2:22-cv-672-JES-NPM

MELINDA MASTERS, JON CARNER,
COURTNEY JONES, AND
KERI FITZPATRICK,

    Defendants.
_____

**ORDER OF DISMISSAL**

This cause is before the Court on consideration of Samuel Longino's and Willis Bailey's (collectively, "Plaintiffs'") pro se civil rights complaint filed against four employees of the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida. (Doc. 1). Plaintiffs also filed a motion to proceed in forma pauperis. (Doc. 4). Plaintiffs seek to bring this complaint as a class action on behalf of themselves and 569 other residents of the FCCC. (Doc. 1 at 1).

Because Plaintiffs seek to proceed in forma pauperis, the Court reviews the complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). For the reasons given below, the Court dismisses this action without prejudice to any individual resident filing a separate complaint.

**I.   Complaint**

Plaintiffs complain that the FCCC does not have an adequate law library. (Doc. 1 at 6). Instead, the facility has a computer lab with twenty computers for the entire resident population, with only ten of those designated as legal computers. (Id. at 7). This leaves residents who wish to do legal work with only four and a half hours per week in the computer lab. (Id.) Moreover, the FCCC employee who runs the lab is untrained in the law and has no experience in conducting legal research via Lexis Nexis, and FCCC residents are not allowed to provide legal advice to other residents. (Id.) Therefore, neither the employee nor other residents can assist fellow residents who use the computer lab for legal purposes. (Id. at 8). Residents have asked the administration to provide a "law library that would guarantee them adequate, effective, and meaningful access to the courts." (Id.) Specifically, they have requested training on Lexis Nexis and on drafting legal documents. (Id.) They also asked the facility to hire a person trained in the law to run the library and provide legal assistance. (Id.) However, their requests were denied or unanswered by the defendants. (Id.)

Plaintiffs seek injunctive relief in the form of an adequate law library and a resident legal assistance program to educate residents on Lexis Nexis and on the preparation of legal documents. (Doc. 1 at 11).

## II. Standard of Review

A federal district court is required to review a civil complaint filed in forma pauperis and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). The mandatory language of 28 U.S.C. § 1915 applies to all proceedings in forma pauperis.[1] Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)   the allegation of poverty is untrue; or
>
> (B)   the action or appeal-
>
> > (i)   is frivolous or malicious;
> >
> > (ii)  fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

---

[1] Despite Plaintiffs' non-prisoner status, this complaint is subject to initial review under 28 U.S.C. § 1915(e)(2)(B). See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (recognizing that the district court did not err when it dismissed a complaint filed by a civil detainee for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (determining that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding in forma pauperis).

3

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).") That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In making the above determinations, all factual allegations (as opposed to legal conclusions) in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

### III. Analysis

**A. Plaintiffs cannot bring a civil rights action on behalf of fellow residents.**

Plaintiffs filed this complaint on behalf of all FCCC residents. A prerequisite for class-action certification is a finding by the Court that the representative party or parties can "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). The Court cannot make this finding. The Eleventh Circuit has been clear that a non-lawyer proceeding pro se may not represent the interests of others. See Bass v. Benton, 408 F. App'x 298, 298 (11th Cir. 2011) ("We have interpreted 28 U.S.C. § 1654, the general provision permitting parties to proceed pro se, as providing 'a personal right that does not extend to the representation of the interests of others.'")(quoting Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008)); Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) ("It is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

Accordingly, this "class-action" complaint will be dismissed without prejudice to each resident filing his own 42 U.S.C. § 1983 complaint and any appropriate motions.

5

### B.  Plaintiff has not stated a claim upon which relief may be granted.

Even if the Court construes this complaint as filed solely on behalf of Mr. Longino, he has not stated a claim upon which relief can be granted. There is no freestanding constitutional right to a law library or legal assistance. Rather, when alleging a denial of meaningful access to the courts, Mr. Longino (or any other plaintiff) must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351(1996). In other words, to have standing to bring this action, Mr. Longino must show an actual injury caused by the FCCC's failure to allow him adequate access to the courts. This is because, while the courts may provide relief to claimants who suffer actual or imminent harm, it is not the Court's role "to shape the institutions of government in such fashion as to comply with the laws and the Constitution." Lewis, 518 U.S. at 349 (.

### IV.  Conclusion

Because they have not alleged an actual or imminent injury, Plaintiffs lack standing to bring this action in a personal capacity. In addition, Plaintiffs may not bring a class action case on behalf of other residents of the FCCC. Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Because this dismissal

6

is based on circumstances that cannot be changed in an amended complaint (standing and class certification), providing Plaintiffs an opportunity to amend the complaint would be futile. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019) (recognizing that no leave to amend is required when doing so would be futile).

Accordingly, it is now **ORDERED**:

1. Plaintiffs' class action complaint (Doc. 1) is **DISMISSED without prejudice** to any individual resident filing his own 42 U.S.C. § 1983 complaint along with a filing fee or motion to proceed as a pauper.

2. The **Clerk of Court** is directed to deny any pending motions as moot, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on November 30, 2022.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies to:  Samuel Longino and Willis Bailey

7